IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                         Case Nos.:   5:07cr4/RS/GRJ
                                                          5:13cv387/RS/GRJ

MARLIN KEITH JONES

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 370.) The Government has

responded in opposition, contending the motion should be dismissed as untimely. (Doc.

371.) After a careful review of the record and the arguments presented, the Court

concludes that Defendant's § 2255 motion should be denied and dismissed. *See* Rules

Governing Section 2255 Cases 8(a) and (b).[1]

## BACKGROUND and ANALYSIS

After pleading guilty to conspiracy to distribute and possess with intent to

distribute more than fifty grams of cocaine base, Defendant was sentenced to a term of

216 months imprisonment on April 25, 2007. (Docs. 39, 40, 96.)[2] He did not appeal.

His sentence was further reduced to a term of 192 months imprisonment on August 30,

_____

[1] The Government's response was filed prior to formal service of the motion. Had the Government not filed this response, summary dismissal of the motion would have been appropriate.

[2] Defendant was initially subject to a mandatory minimum term of life imprisonment due to prior felony drug convictions. (*see* Doc. 28.)

2013. (Docs. 364, 365.)  The instant motion to vacate was filed pursuant to the prison

mailbox rule[3] on November 15, 2013. (Doc. 370 at 13.)

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of

motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

 Defendant asserts that his motion is filed pursuant to § 2255(f)(3) and (f)(4),

citing Alleyne v. United States, 133 S.Ct. 2151 (2013) and Johnson v. United States,

559 U.S. 133, 130 S.Ct. 1265 (2010) (doc. 370 at 12).  These cases do not afford

Defendant any relief.  With respect to Alleyne, even if this case was applicable to the

facts of Defendant's case, it is not retroactively applicable on collateral review.  *See,*

*e.g.,* Starks v. Warden, FCC Coleman-USP I, No. 12-15956, 2013 WL 6670797, at *3

---

[3] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

(11th Cir. Dec. 19, 2013); United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); In re

Kemper, 735 F.3d 211 (5th Cir. 2013); Simpson v. United States, 721 F.3d 875 (7th Cir.

2013); United States v. Stewart, Case No. 13-6775, 2013 WL 5397401 (4th Cir. Sept.

27, 2013);  In re Payne, 733 F.3d 1027, 1029–1030 (10th Cir. 2013).

In Johnson, the Supreme Court held that the defendant's felony battery

conviction was not a predicate violent felony under § 924(e)(1), the Armed Career

Offender Act.  Johnson, 559 U.S. at 145.  Johnson has been accepted as retroactively

applicable on collateral review.  *See, e.g.,* Morris v. United States, 516 F. App'x 882,

884 (11th Cir. 2013) (accepting Government's concession of the retroactivity of

Johnson; defendant Morris' motion was filed within six weeks of Johnson); Rozier v.

United States, 701 F.3d 681, 684 (11th Cir. 2012) (accepting retroactivity of Johnson;

defendant's § 2255 filed within one year of Johnson).  However, Johnson was decided

well over a year before Defendant filed his motion, and hence a claim based on that

case is untimely.  Even if the court accepts Defendant's argument that Johnson was

only recently made retroactive on collateral review, the case affords Defendant no

sentencing relief, as "violent crimes" were not the basis for his enhanced sentence.

The record reflects that Defendant had a prior felony conviction for lewd or

lascivious assault upon a child (PSR ¶ 28).[4]  In United States v. Rutherford, 175 F.3d

899 (11th Cir. 1999), the Eleventh Circuit held that such a conviction is properly

---

[4] The summary of the offense conduct indicates that at the age of 18, Defendant attempted to have sexual intercourse with a 14 year old female who was vomiting and under the influence of alcoholic beverages, and that he did not stop when the victim asked him to do so. (PSR ¶ 28).

considered a violent felony for career offender status.  *But see* United States v. Harris,

608 F.3d 1222 (11th Cir. 2010) (holding that after Begay v. United States, 553 U.S. 137

(2008) strict liability offenses involving sexual acts with minors are not violent crimes

under the residual clause of the ACCA's residual clause).  Defendant also had two prior

felony drug convictions (*see* PSR ¶¶ 29, 32).[5]  These convictions alone subjected him

to a statutory mandatory minimum term of life imprisonment pursuant to 21 U.S.C. §

841(b)(1)(A), as well as applicable penalties under the Career Offender Guideline,

U.S.S.G. § 4B1.1(a).  Therefore, any change subsequent to Defendant's sentencing to

the definition of "crime of violence," through Johnson or otherwise, is irrelevant to

Defendant's sentencing, as consideration of his lewd or lascivious conviction was

unnecessary to the court's application of an enhanced sentence.[6]

Finally, although Defendant has not so argued, the court notes that his recent re-

sentencing does not allow him to circumvent the one year limitations period set forth in

28 U.S.C. § 2255.  The Eleventh Circuit has held that such a re-sentencing has no

impact on the applicable statute of limitations period.  Murphy v. United States, 634

F.3d 1303, 1309-1310 (11th Cir. 2011).

---

[5] Defendant erroneously states in his memorandum that he only had two prior convictions, identifying the conviction for lewd or lascivious and a misdemeanor assault conviction (*see* Doc. 370 at 20).

[6] The court also notes that Defendant's substantive assertion that the prosecution failed to file a notice pursuant to 21 U.S.C. § 851(a) (*see* Doc. 370 at 24, 27) is mistaken (*see* Doc. 28 (listing three prior felony drug convictions)).

CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The motion to vacate, set aside, or correct sentence (Doc. 370) should be **DENIED and DISMISSED**.

Case Nos.: 5:07cr4/RS/GRJ; 5:13cv387/RS/GRJ

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 9th day of January 2014.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).